Filed 6/18/24  In re Julian R. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re JULIAN R. et al., Persons Coming Under the Juvenile Court Law. | B325497 |
| | (Los Angeles County Super. Ct. No. 22CCJP02723A-C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RODRIGO R.,<br><br>    Defendant and Appellant. | |

APPEAL from the orders of the Superior Court of Los Angeles County, Tiana Murillo, Judge.  Dismissed as moot.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Bryan Mercke, Deputy County Counsel, for Plaintiff and Respondent.

---

## INTRODUCTION

Father Rodrigo R. appeals from the juvenile court's jurisdiction findings and disposition orders declaring his children Julian, Aiden, and Benjamin dependent children of the court, removing them from Rodrigo's custody and placing them with their mother Jessica P. with monitored visits by Rodrigo. While this appeal was pending, the juvenile court terminated jurisdiction and released the children to Jessica, with custody orders granting sole legal and physical custody to Jessica with monitored in-person visits and unmonitored virtual visits to Rodrigo. Rodrigo did not appeal from those orders.[1] Because we

---

[1] "When terminating its jurisdiction over a child who has been declared a dependent child of the court, section 362.4 authorizes the juvenile court to issue a custody and visitation order (commonly referred to as an 'exit order') that will become part of the relevant family law file and remain in effect in the family law action 'until modified or terminated by a subsequent order.'" (*In re T.S.* (2020) 52 Cal.App.5th 503, 513; see *In re Ryan K.* (2012) 207 Cal.App.4th 591, 594, fn. 5 [when terminating jurisdiction, juvenile court may "issue an order 'determining the custody of, or visitation with, the child,'" which "may be enforced or modified by the family court" and is "sometimes referred to as 'family law' orders or 'exit' orders"].) We granted judicial notice of the exit orders in this case under Evidence Code sections 452, subdivision (d), and 459.

2

cannot provide Rodrigo any effective relief—that is, relief that "'can have a practical, tangible impact on the parties' conduct or legal status'" (*In re D.P.* (2023) 14 Cal.5th 266, 277)—we conclude his appeal is moot. The parties dispute whether we should nonetheless exercise our discretion to consider the merits of Rodrigo's appeal under *In re D.P.* After consideration of the relevant factors, we decline to exercise our discretion to consider Rodrigo's moot appeal on its merits and dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Rodrigo and Jessica are the parents of Julian (born 2013), Aiden (born 2014) and Benjamin (born 2018).

The family had prior referrals in 2016 for substance abuse by Rodrigo (deemed inconclusive) and in 2018 for domestic abuse of Jessica by Rodrigo in the presence of Aiden and Julian (deemed substantiated but dependency referral closed on Jessica's report it was an isolated incident and she had no plans to reunify with Rodrigo). The 2018 domestic violence incident led to a criminal battery conviction in May 2019 for Rodrigo and a criminal protective order protecting Jessica from Rodrigo from May 2019 to May 2022.

In July 2022, the Los Angeles County Department of Children and Family Services (Department) filed a petition pursuant to Welfare and Institutions Code former section 300, subdivisions (a), (b), and (j), alleging physical abuse of all three children by Jessica and failure to protect by Rodrigo, and

3

substance abuse by Rodrigo and Jessica's failure to protect.[2]  At the detention hearing, the children were released to Jessica.

At the combined jurisdiction and disposition hearing on October 28, 2022, Jessica pleaded no contest to an amended petition under section 300, subdivisions (b)(1) and (j), that she inappropriately physically disciplined Aiden and Julian, and that she failed to protect the children from Rodrigo's substance abuse. The juvenile court sustained the allegations against Rodrigo that he failed to protect the children from Jessica's inappropriate physical discipline, and that his substance abuse placed the children at risk under section 300, subdivisions (b) and (j).  The court dismissed the section 300, subdivision (a), counts for physical abuse.  The court released the children to Jessica and detained them from Rodrigo, with monitored visits for Rodrigo. Rodrigo was ordered to submit to drug and alcohol testing, engage in individual counseling, and comply with his criminal court orders.

Rodrigo timely appealed from the jurisdiction findings and disposition orders.

On April 28, 2023, at the six-month review hearing, the juvenile court terminated jurisdiction over the children and granted Jessica sole legal and physical custody, with monitored in-person visits and unmonitored virtual visits for Rodrigo. Rodrigo did not appeal from the custody orders or order terminating jurisdiction.

---

[2]     All undesignated statutory references are to the Welfare and Institutions Code unless otherwise specified.  Section 300 was amended effective January 1, 2023, after the juvenile court issued its jurisdiction findings in this case.  (Stats. 2022, ch. 832, § 1.)  The amendments do not impact our analysis.

## DISCUSSION

A.    *The Mootness Doctrine in Dependency Appeals*

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.""" (*In re D.P., supra,* 14 Cal.5th at p. 276.) In dependency cases, the reviewing court decides on a case-by-case basis whether subsequent events render a case moot and whether the court's decision would affect the outcome of a subsequent proceeding. (See *ibid.*) A dependency case becomes moot when events ""render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief."" (*Ibid.*; see *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].) To show the reviewing court can provide effective relief, the appellant first "must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome [the appellant] seeks." (*In re D.P.*, at p. 276.)

In *In re D.P., supra,* 14 Cal.5th 266, the Supreme Court explained that "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.] It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status. Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally

5

stigmatizing, complaining of 'stigma' alone is insufficient to sustain an appeal.  The stigma must be paired with some effect on the plaintiff's legal status that is capable of being redressed by a favorable court decision." (*Id.* at p. 277.)  Examples of non-moot cases include those where a jurisdiction finding affected parental custody rights, curtailed a parent's contact with his or her child, or resulted in disposition orders that continued to adversely affect a parent.  (See *id.* at pp. 277-278.)  *In re D.P.* further noted that "speculative future harm" is insufficient to avoid mootness. (*Id.* at p. 278.)  But "when a parent has demonstrated a specific legal or practical consequence that will be averted upon reversal," however, "the case is not moot, and merits review is required." (*Id.* at p. 283.)

"When a parent has not made such a showing, the case is moot, but the court has discretion to decide the merits nevertheless." (*In re D.P., supra,* 14 Cal.5th at p. 283, see *id.* at p. 282 [reviewing court has "'inherent discretion'" to reach the merits of an appeal even where the case is moot].)  A reviewing court decides on a case-by-case basis whether to reach the merits of a moot appeal.  (See *id.* at p. 287.)  Generally, "when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination,'" courts may appropriately consider the merits of a moot appeal.  (*Id.* at p. 282.)

Dependency appeals are uniquely prone to mootness, and often "[p]arents may appeal an order that is later changed, or jurisdiction over the child may terminate before an appeal is finally resolved, as in this case." (*In re D.P., supra,* 14 Cal.5th at p. 285.)  Accordingly, *In re D.P.* identified several additional

factors reviewing courts may consider when deciding whether discretionary review is warranted. (See *id.* at pp. 284-286.) First, whether the challenged jurisdiction finding could impact current or future dependency proceedings (for example, by influencing a child protective agency's decision to file a new dependency petition or a juvenile court's determination about whether to order further reunification services). (See *id.* at p. 285.) Second, "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285-286.) The "more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at p. 286.) Third, a court may also consider "why the appeal became moot": "[p]rinciples of fairness" may favor discretionary review of cases rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Ibid.*)

In deciding whether to exercise their discretion, reviewing courts "should be guided by the overarching goals of the dependency system: 'to provide maximum safety and protection for children' with a 'focus' on 'the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child.'" (*In re D.P., supra,* 14 Cal.5th at p. 286; see § 300.2, subd. (a).)

B. *Rodrigo's Appeal Is Moot*

Rodrigo's appeal challenging the juvenile court's jurisdiction findings and disposition orders was rendered moot by the subsequent April 2023 orders terminating jurisdiction and awarding Jessica sole custody of the children with monitored in-person visitation and unmonitored virtual visitation for Rodrigo.

Rodrigo did not appeal from the exit orders, which are now final. As this court explained in *In re Rashad D.* (2021) 63 Cal.App.5th 156, "termination of dependency jurisdiction does not necessarily moot an appeal from a jurisdiction finding that directly results in an adverse juvenile custody order. But in most cases . . . for this court to be able to provide effective relief, the parent must appeal not only from the jurisdiction finding and disposition order but also from the orders terminating jurisdiction and modifying the parent's prior custody status. Without the second appeal, we cannot correct the continuing adverse consequences of the allegedly erroneous jurisdiction finding." (*Id.* at p. 159.) By not appealing the April 2023 custody orders, Rodrigo "forfeited any challenge to those rulings, including to the juvenile court's jurisdiction to issue them." (*Id.* at p. 167; accord, *In re Gael C.* (2023) 96 Cal.App.5th 220, 225.) An exit order is a final judgment and is not subject to collateral attack through an appeal from a previous disposition order. (See § 302, subd. (d) ["Any custody or visitation order issued by the juvenile court at the time the juvenile court terminates its jurisdiction . . . shall be a final judgment and shall remain in effect after that jurisdiction is terminated."]; see also *Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1165 [where the juvenile court terminates its jurisdiction and issues an exit order, "the exit order 'shall be a final judgment and shall remain in effect after [the juvenile court's] jurisdiction is terminated'"].)

Because the exit orders are now final, we do not have jurisdiction to review and change them, and "the juvenile court has no jurisdiction to conduct further hearings in the now-closed case." (*In re Rashad D., supra,* 63 Cal.App.5th at p. 164; see *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330 ["where jurisdiction

8

has been terminated and is final . . . jurisdiction cannot be conferred upon the appellate court"]; see also § 304 [juvenile court has exclusive jurisdiction to hear proceedings regarding custody "until the time that the petition is dismissed or dependency is terminated"]; Cal. Rules of Court, rule 5.620(a) [same].) Accordingly, even if we were to reverse the October 2022 jurisdiction and disposition orders, that would have no effect on the April 2023 exit orders.

In short, we cannot provide Rodrigo any effective relief— that is, relief that "'can have a practical, tangible impact on the parties' conduct or legal status.'" (*In re D.P., supra,* 14 Cal.5th at p. 277.) Rodrigo's appeal of the jurisdiction findings and disposition orders is thus moot. (See *id.* at p. 276 [a case is moot when events render it impossible for the court to grant appellant meaningful relief]; accord, *In re Gael C., supra,* 96 Cal.App.5th at p. 224.)

C.    *Rodrigo Fails To Demonstrate that Discretionary Review of This Moot Appeal Is Warranted*

The parties dispute whether we should exercise our discretion to review the merits of Rodrigo's appeal under *In re D.P., supra,* 14 Cal.5th 266. (See *id.* at pp. 282-287 [detailing "nonexhaustive" factors court may consider in deciding whether to exercise discretionary review of a moot dependency appeal].) As noted above, the Department argued the appeal should be dismissed as moot, and Rodrigo requested merits review. Although his arguments are somewhat vague, Rodrigo essentially argues his visitation and custody rights are still at stake and that dismissal would insulate an erroneous ruling from review.

9

After consideration of the relevant factors, we decline to exercise our discretion to consider Rodrigo's moot appeal. Rodrigo's appeal does not present circumstances that generally warrant discretionary review of a moot case, such as an issue of broad public interest that is likely to recur, the likelihood of a recurrence of the controversy between the parties, or a material question that remains for the court's determination. (See *In re D.P., supra,* 14 Cal.5th at p. 282.)

Nor is this a case rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*In re D.P., supra*, 14 Cal.5th at p. 286.) Rodrigo argues that it was his knowledge of Jessica's physical discipline of the children that led to the dependency referral (although he was not the reporting party), and that he is unjustly suffering the consequences of seeking Department protection for his children. However, it was Jessica's compliance with the case plan, not his, that resulted in termination of jurisdiction and custody of the children to Jessica. Denying merits review in this case would not "perversely incentivize noncompliance" with a juvenile court's orders. (*Ibid*.)

Finally, the jurisdiction findings based on Rodrigo's failure to protect and substance abuse are not sufficiently "egregious" or "stigmatizing" conduct warranting exercise of our discretion to reach the merits. While dependency jurisdiction by definition necessarily involves conduct harmful to children, our assessment of severity or perniciousness is a relative analysis. We do not find the jurisdiction findings against Rodrigo to be based on particularly stigmatizing or pernicious conduct such that our concerns over not insulating erroneous and stigmatizing jurisdiction findings from review would prompt us to review the

10

merits in light of all other factors.  Therefore, on balance the factors the Supreme Court identified in *In re D.P.* do not warrant discretionary review of Rodrigo's moot appeal.

We note that Rodrigo is not without a remedy.  Under section 302, subdivision (d), he may seek modification of the exit orders in the family court if he can "demonstrate 'there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child.'"  (*In re Rashad D., supra,* 63 Cal.App.5th at p. 165, fn. 7.)  That Rodrigo's custody rights are still at stake with regard to his family law case—as finalized in custody exit orders he elected not to appeal—does not compel our discretionary merits review of his appeal in consideration of all the factors.

## DISPOSITION

The appeal is dismissed as moot.

MARTINEZ, P. J.

We concur:

SEGAL, J.                          FEUER, J.

11